Edward G. Baker, J.
By order dated September 26, 1958, this court denied plaintiffs’ motion to enjoin temporarily the holding of an annual meeting of stockholders of the defendant corporation which had been scheduled for September 12, 1958 (13 Mise 2d 1024). The restraining order had been sought upon the ground of an alleged wrongful refusal by the corporation to register on its books in the names of plaintiffs 137,819 shares of stock owned by them. It was their claim that thus they had been unlawfully deprived of the right to vote said shares at the meeting. The motion was argued on September 18, six days after the date for which the meeting had been scheduled. On the argument it appeared that plaintiffs then had in their possession proxies for all of said shares. These, this court held, were irrevocable and entitled the plaintiffs to vote the shares at the meeting. There being no need for the relief sought, plaintiffs’ motion was denied.
The order aforesaid directed that “ the annual meeting of stockholders of mohawk business machines corporation originally called to be held at 2:30 p.m. on September 12, 1958, at 944 Halsey Street, in the Borough of Brooklyn, County of Kings, City and State of New York, the conduct of which was stayed by order of the Court dated September 12, 1958, be conducted on October 7, 1958, at 11:00 a.m. at the same place and for the same purposes as set forth in the original notice of meeting furnished to stockholders ”, and that appropriate notice that the meeting will be conducted on October 7th be mailed on or before September 26th, 1958 to all stockholders of Mohawk Business Machines Corporation who were entitled to receive the original notice of meeting.”
By order to show cause dated October 6, 1958 plaintiffs move 1) for leave to serve a supplemental complaint, in form as annexed to the moving papers, alleging, in substance, fraud and deceit in the solicitation and obtaining of proxies; in which complaint judgment is sought voiding, setting aside and enjoining the voting of said proxies; 2) for reargument of the motion for a temporary injunction which had been denied by this court or, in the alternative, 3) for resettlement of said order so as to provide that the meeting of stockholders scheduled for October 7, 1958 be kept open for the purpose of permitting the counting and voting of proxies mailed in by stockholders for a specified period subsequent to October 7, 1958 not exceeding *1046 10 days, and 4) for an order invalidating all proxies solicited and procured by two of the named defendants upon the grounds that same were procured by false and fraudulent representations.
The stockholders meeting was convened on October 7 at 11:00 a.m. In accordance with the directions contained in the order to show cause, the meeting was adjourned or recessed pending the hearing of this motion; proxies received by the contending factions before 2:00 p.m. of the meeting date have been filed, sealed and delivered to the transfer agent; proxies received thereafter and prior to the return date of this motion have been segregated and are now being held subject to the court’s determination upon the question whether they shall be counted and voted.
There can be no question as to plaintiffs’ right to serve and file the proposed supplemental complaint. That phase of the motion is granted, with leave to defendants to answer or move with reference thereto within 20 days after such service.
The motion, insofar as it seeks an order invalidating the proxies solicited and procured by the two named defendants, is denied. The issues posed on that phase of the motion may not be summarily disposed of on conflicting affidavits. If, in fact, defendants’ solicitation was fraudulent plaintiffs have an adequate remedy at law (General Corporation Law, § 25). The issues whether the statements or representations made in the literature distributed by defendants were material, whether they were false and fraudulent, and whether stockholders were, in fact, induced to give their proxies by reason thereof are matters which can and should be determined in the circumstances here only after a trial.
There remains to be considered the question whether the proxies received subsequent to 2:00 p.m. of the meeting date (Oct. 7) should be counted and voted. In this connection it should be borne in mind that the only question before the court on the original motion was the question of plaintiffs’ right to an order, upon the ground hereinabove mentioned, enjoining the holding of any stockholders’ meeting pending the hearing of the application. That motion, for the reasons above stated, was denied, and the court, by order, fixed October 7 as the meeting date. To permit the counting and voting of proxies received subsequent to that date would be, in effect, to grant at least in part, the relief which theretofore had been denied by the court.
*1047 It should be noted that, as early as December, 1957, plaintiffs’ demands for the transfer on the corporation books of the shares owned by them had been refused (except for 10,000 shares owned by David Holdings Ltd. [coplaintiff] which theretofore had been transferred). It seems fair to assume that plaintiffs must have been aware of their right, at any time after ownership had been acquired, to demand and receive irrevocable proxies for the shares so held by them, and of their right to vote such shares at any stockholders’ meeting, irrespective the corporation’s refusal to transfer the shares on its books. This being so, the court finds it difficult to believe that said refusal gave to the opposing faction any unfair advantage in respect to the solicitation of proxies, or that said refusal had the effect of depriving plaintiffs of a voice or a vote at that meeting.
Plaintiffs further claim that, by reason of their having received insufficient notice of the meeting of October 7, they have been deprived of the right and opportunity to answer the alleged defamatory statements contained in the literature employed by defendants in proxy solicitation between the date of the said order and the date fixed for the meeting.
As above stated the issue whether or not the literature so distributed was, in fact, false and misleading, should be determined only after a trial of that issue. As to the claim of insufficiency of notice it should be observed that the order of September 26, 1958 was settled on notice, the dates for the meeting and for the service of notice thereof having been left blank. In a letter dated September 23, 1958, addressed to the court by the attorney for the defendants, specific dates were suggested for inclusion in the order. A copy of this letter was mailed to plaintiffs’ attorneys. Each of the dates inserted in said order by the court was one day later than the dates which had been suggested. However, the fact that the order with notice of entry was not served upon plaintiffs’ attorneys until one or two days in advance of the meeting date, could not have resulted in any prejudice to them. It appears without contradiction that, at a meeting held at the office of Mr. Jawitz on September 26, plaintiffs’ attorneys were apprised of the fact that the meeting, in accordance with the court’s direction, had been scheduled for October 7.
Accordingly, plaintiffs’ application for an order directing defendants to receive and count proxies received after 2:00 p.m. on October 7, 1958 and prior to the return date of this motion is denied. However, the order to be entered hereon will *1048 direct that such proxies (which, the court is informed, have been segregated and sealed) be deposited with the clerk of this court to await the disposition of any appeal from said order, or the further order of the court.
Reargument, and/or resettlement are denied.
Settle order on notice accordingly.